# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:07-cr-00005-2 |
| ESCOLASTICO SERRANO, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Escolastico Serrano has filed a Supplemental Motion for Compassionate Release (Doc. No. 1116), which is opposed by the Government (Doc. No. 1120). His Motion is ripe for a decision on the merits. For the following reasons, it will be denied.

After a defendant exhausts available administrative remedies, as Mr. Serrano has done here, 18 U.S.C. § 3582(c)(1)(A) authorizes the Court to grant compassionate release if he demonstrates "extraordinary and compelling reasons" to justify his release, and the Court finds that the § 3553(a) factors warrant a sentence reduction under the particular circumstances of the case. United States v. Jones, 980 F.3d 1098, 1108 (6th Cir. 2020) (quoting Dillon v. United States, 560 U.S. 817, 826 (2010)); see 18 U.S.C. § 3582(c)(1)(A). Serrano satisfies neither.

"Extraordinary and compelling reasons" is not defined by statute. It was defined by the Sentencing Commission in U.S.S.G. § 1B1.13, but the Sixth Circuit has clarified that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Jones, 980 F.3d at 1109.

Mr. Serrano asserts that his inability to practice social distancing during the ongoing COVID-19 pandemic in prison is an "extraordinary and compelling" reason for his release. (Doc. No. 1116 at 5.) Medical experts recommend social distancing to every member of society, and the difficulties with doing so applies to most federal prisoners. However, as compassionate release can only be granted to those prisoners with an "extraordinary and compelling reason[]," it cannot apply to a condition experienced by all, even when that condition is due to a once in a generation pandemic. See United States v. Black, No. 17-20656, 2020 WL 7021696, at *3 (E.D. Mich. Nov. 30, 2020); United States v. Franklin, No. 07-CR-178 (JDB), 2020 WL 4049917, at *2 (D.D.C. July 20, 2020). "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Mr. Serrano's concerns with his inability to maintain social and physical distance from others in prison and his "generalized fear of contracting COVID-19, without more, does not rise to the level of an extraordinary and compelling circumstance." Black, 2020 WL 7021696, at *2 (quoting United States v. Urrabazo-Maldonado, No. 20-3727, 2020 U.S. App. LEXIS 29873, at *4 (6th Cir. 2020) (unpublished)).

Even if the Court found that "extraordinary and compelling" reasons existed, the Court would deny his request based upon the § 3553(a) factors. Mr. Serrano pleaded guilty to engaging in a conspiracy to participate in racketeering activity that included multiple acts of murder and aggravated assault involving firearms. Mr. Serrano was a member of the notorious MS-13 gang when he engaged in the offense of convictions, during which he had a leadership role in the gang. At least two murders and an attempted murder were part of the damage caused by the racketeering conspiracy. Mr. Serrano entered a plea agreement with the government under Rule 11(c)(1)(C) recommending a 540 month sentence based, notwithstanding a recommended sentencing guideline

range of life.  The sentencing judge, the Honorable Todd J. Campbell, accepted the recommended sentence at the plea hearing.  At the sentence at the sentencing hearing, the Presentence Report fully supported the 540 month sentence based on the violent nature of his criminal behavior that showed a profound disrespect of the law, the need for deterrence, the need for punishment and to protect the public.  While his childhood was dysfunctional it in no way mitigated the recommended sentence of 540 months.  All of this remains true and is not sufficiently offset because of Mr. Serrano's substantial efforts to improve himself while in prison.  To be clear, the Court's compliments these efforts.  However, his time-served of 166 months of the 540-month sentence is not enough. A sentence reduction now would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from Mr. Serrano's pattern of significant criminal behavior. 18 U.S.C. § 3553(a)(2)–(4). In short, none of the relevant § 3553(a) factors support the release of Mr. Serrano at this time.

Accordingly, Mr. Serrano's Motion and Supplemental Motion for Compassionate Release (Doc. Nos. 1091 and 1116) are **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE